IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| **TPV TECHNOLOGY LTD., and TPV-USA CORP.**<br><br>    **Plaintiffs,**<br><br>v.<br><br>**WFR IP, LLC,**<br><br>    **Defendant.** | Civil Action No. 1:24-cv-00487 |

**COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiffs, TPV Technology Ltd. and TPV-USA Corinfrp. (together "TPV") hereby bring this action for declaratory judgment of non-infringement against Defendant WFR IP, LLC. ("WFR"), and alleges as follows:

**THE PARTIES**

1. Plaintiff, TPV Technology Ltd. ("TPV Technology") is a corporation organized under the laws of Bermuda with a place of business at Units 1212-16, 12/F C-Bons International Center, 108 Wai Yip Street, Kwun Tong, Kowloon, Hong Kong SAR, China.

2. Plaintiff, TPV-USA Corp. ("TPV-USA") is a corporation organized under the laws of North Carolina with a place of business at 6525 Carnegie Blvd., Suite 200, Charlotte, NC 28211.

3. On information and belief, Defendant, WFR IP, LLC is a Texas limited liability corporation with its principal place of business at 5900 Balcones Drive, Suite 100, Austin, Texas 78731.

1

## NATURE OF THE CASE

4. Upon information and belief, WFR IP contends it is the owner of U.S. Patent No. 7,505,793 (the "'793 Patent" or the "Asserted Patent"). A true and correct copy of the '793 Patent is attached as Exhibit A.

5. Upon information and belief, WFR IP contends it owns all substantial rights related to the Asserted Patent, including the exclusive right to enforce, sue, and recover damages for past infringement.

6. WFR IP has alleged in multiple complaints filed in U.S. District Court that a product sold by TPV to its customers who are located in the United States, the Phillips A6606 Headphones, infringes the Asserted Patent (the "Accused TPV Product).

7. WFR IP's infringement allegations have harmed and continue to harm TPV.

8. TPV seeks a declaratory judgment that neither TPV nor its products infringed any claim of the Asserted Patent.

9. This relief is necessary because WFR IP has filed complaints in multiple lawsuits in multiple different U.S. district courts alleging that a number of TPV's customers have infringed the Asserted Patent by selling the Accused TPV Product.

10. For example, WFR IP has filed at least five lawsuits alleging that TPV's customers infringed the Asserted Patent because they sold the Accused TPV Product. These cases are captioned *WFR IP, LLC. v. Kohl's Inc. f/k/a Kohl's Department Stores, Inc.*, Case No. 2:23-cv-618 (E.D. Tex.); *WFR IP, LLC. v. Lenovo (United States) Inc.*, Case No. 7:23-cv-205 (W.D. Tex); *WFR IP, LLC. v. B&H Foto & Electronics Corp.*, Case No. 1:23-cv-11318 (S.D.N.Y); *WFR IP, LLC. v. Newegg Commerce, Inc.*, Case No. 4:24-cv-403 (S.D. Tex.); and *WFR IP, LLC. v. QVC, Inc.*, Case No. 1:24-cv-331 (D. Colo.) (collectively, the "Customer Lawsuits"). True and correct copies of the Complaints from the Customer Lawsuits are attached as Exhibits B, C, D, E, and F respectively.

11. In the Customer Lawsuits, WFR IP alleged that the Asserted Patent "relates to novel and improved apparatuses and systems of wireless earpiece and wearable piece assemblies." *See, e.g.*, Exhibit B at ¶ 13.

12. In each complaint in each Customer Lawsuit, WFR IP identified as the "Accused Product" the TPV Phillips A6606 Headphones. *See, e.g.*, Exhibit B at Exhibit B thereto.

13. WFR IP attached to each complaint in each of the Customer Lawsuits identical claim charts that WFR IP alleged "describe[d] how the elements of an exemplary claim from the '793 Patent are infringed by the Accused Products." *See, e.g.*, Exhibit B at ¶20 and Exhibit B thereto.

14. Each of the claim charts WFR IP attached to the complaints in the Customer Lawsuits purport to show how an Accused TPV Product infringed claims of the Asserted Patent. *See, e.g.*, Exhibit B at Exhibit B thereto.

15. In its complaints, the only headphones identified by WFR IP as infringing any claim of the Asserted Patent is the Accused TPV Product. Thus TPV—not TPV's customers who are named as defendants in the Customer Lawsuits—is the real party-in-interest with respect to the Accused TPV Product.

16. Neither TPV, nor the Accused TPV Product, nor TPV's customers, infringe the Asserted Patent. TPV contends that it has and has previously had the right to make, use, sell, and/or offer to sell in the United States and import into the United States the Accused TPV Product without need of a license to the Asserted Patent.

17. As a result of the Customer Lawsuits against the Accused TPV Product, as well as correspondence between TPV and WFR regarding the need for TPV to secure a license to the '793

Patent, TPV has a reasonable belief that it may also be sued by WFR for infringement of the '793 Patent.

18. As a result of WFR IP's assertions of its patent rights against TPV and the Accused TPV Product and TPV's belief in its right to engage in its business activities related to the Accused TPV Product without a license to the Asserted Patent, an actual controversy exists between TPV and WFR IP as to whether TPV, and the Accused TPV Product infringed the Asserted Patent. Therefore, a substantial, continuing, and justiciable controversy exists between TPV and WFR IP.

## JURISDICTION AND VENUE

19. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a), because this action arises under the laws of the United States, in particular the Patent Act of the United States, 35 U.S.C. Decof 100 *et seq.*, and under the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202 because this action seeks declaratory relief.

20. This Court has personal jurisdiction over WFR IP because WFR IP resides in the state of Texas and in this District. This Court also has personal jurisdiction over WFR IP because WFR IP has availed itself of the jurisdiction of this Court by filing one of the Customer Lawsuits accusing the TPV Product of infringement in this District. *See WFR IP, LLC. v. Lenovo (United States) Inc.*, Case No. 7:23-cv-205 (W.D. Tex).

21. Venue is proper in this district under at least 28 U.S.C. § 1300(b)(1) because WFR IP resides in the State of Texas and in this District. Venue is also proper in this district under 28 U.S.C. § 1300(b)(2) because one of the Customer Lawsuits was filed in this District. *See WFR IP, LLC. v. Lenovo (United States) Inc.*, Case No. 7:23-cv-205 (W.D. Tex).

## COUNT I – NON-INFRINGEMENT OF THE '793 PATENT

22. TPV incorporates paragraphs 1 through 21 of this Complaint as if set forth fully herein.

23. WFR IP alleges that the Accused TPV Product infringes at least Claims 5, 6, 8-11, and 15-19 (the "Asserted Claims") of the '793 Patent.

24. TPV denies that it infringes any claim of the '793 Patent.

25. TPV does not make, use, sell, or offer to sell any product, system, platform, or service, that practices every element of any claim of the '793 Patent, including but not limited to Claims 5, 6, 8-11, and 15-19[1], at least because TPV does not make, use, sell, or offer to sell, for example, any (i) "wireless earpiece assembly comprising," (ii) "an ear support having a portion for positioning a speaker at a user's ear; (iii) "a casing coupling to another portion of said ear support and housing a focused microphone," (iv) "a casing support to provide the coupling and displace the bulk of said casing away from the ear to a location above a neckline of the user," (v) "the bulk of said casing exceeding that of said ear support and that of said casing support." TPV also does not make, use, sell, or offer to sell, for example, any (i) "earpiece comprising," (ii) "an ear support for positioning behind a user's ear and securing the earpiece thereat; (iii) "a speaker for delivering sound to the user's ear" and (iv) "a conformable elongated speaker Support extending from a first end thereof coupled to said ear Support to a second end thereof coupled to said speaker to maintain a user defined separation between said speaker and the user's ear, said speaker equipped with hypersonic sound delivery capacity to direct the Sound across the separation to the user's ear during the delivering."

26. TPV alleges to have invented a very specific wireless earpiece assembly as evidenced by the limitations of the Asserted Claims and the figures of the Asserted Patent. For

---

[1] The '793 Patent was the subject of a successful reexamination request to the United States Patent and Trademark Office in which claims 1-4, 7, 12-14, 20 and 21 were challenged as unpatentable and were ultimately cancelled by the PTO on February 10, 2014 (Reexamination Request No. 95/002,107, August 29, 2012). Claims 5, 6, 8-11 and 15-19 were not challenged in the prior reexamination request.

example, Figure 1 depicts the claimed earpiece having an ear support 350, speaker support 325, speaker 300, casing support 145 and casing 150.



FIG. 1

The Accused TPV Product is of a fundamentally different "open ear" design that has bone conduction technology rather than a speaker that is positioned in a user's ear.



As a result of these fundamental differences in design, the Accused TPV Product simply does not practice the limitations of the Asserted Claims.

27. For these, and other reasons to be established through discovery, TPV denies that it or the Accused TPV Product infringes the '793 Patent.

28. There is an actual and justiciable controversy between WFR IP and TPV arising under the Patent Act, 35 U.S.C. §§ 1, *et seq.*, concerning WFR IP's allegations that the Accused TPV Product infringes the '793 Patent.

29. TPV is entitled to a judicial declaration that it has not and does not infringe directly or indirectly, by inducement or by contribution, or under the doctrine of equivalents claim of the '793 Patent.

30. Absent a declaration that TPV does not infringe the '793 Patent, WFR IP will continue to wrongfully assert the '793 Patent against TPV customers and the Accused TPV Product and thereby cause TPV irreparable harm and injury.

## RESERVATION OF RIGHTS

31. TPV hereby reserves its rights to supplement with additional claims or defenses as discovery proceeds in this matter.

## PRAYER FOR RELIEF

WHEREFORE, TPV respectfully prays for entry of judgment in its favor and against WFR IP as follows:

A. A declaration that TPV and the Accused TPV Product does not infringe the '793 Patent;

B. A declaration that this case is exceptional under 35 U.S.C. § 285 and an award to TPV of its reasonable costs and attorneys' fees;

C. An award of any and all equitable relief to which TPV may be entitled; and

D. For such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

32.     Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, TPV hereby demands a jury trial on all issues so triable.

Dated: May 6, 2024

Respectfully submitted,

*/s/ S. Benjamin Pleune*
S. Benjamin Pleune (NC Bar No. 28748)
ben.pleune@alston.com
**ALSTON & BIRD LLP**
1120 S. Tryon Street, Suite 300
Charlotte, NC 28203-6818
Phone: (704) 444-1000
Fax: (704) 444-1111

Brady R. Cox (TX Bar No. 24074084)
Elliott C. Riches (TX Bar No. 24125381)
brady.cox@alston.com
elliott.riches@alston.com
**ALSTON & BIRD LLP**
2200 Ross Avenue, Suite 2300
Dallas, TX 75201
Phone: (214) 922-3400
Fax: (214) 922-3899

Andrew J. Ligotti (NY Bar No. 5306592)
Andy.ligotti@alston.com
**ALSTON & BIRD LLP**
90 Park Avenue, 15th Floor
New York, NY 10016-1387
Phone: (212) 210-9400
Fax: (212) 210-9444

***Attorneys for Plaintiffs TPV Technologies Ltd. and TPV-USA Corp.***